

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 11, 1961

Honorable V. D. Housworth     Opinion No. WW-1164
Executive Secretary
State Board of Barber          Re: Effect of House Bill No. 829,
  Examiners                        57th Leg., R.S., amending
Austin, Texas                       Sec. 9 of Article 734a, Ver-
                                    non's Penal Code, as to a
                                    student enrolled in an ap-
                                    proved barber school, whose
                                    schooling was interrupted
                                    and who later re-enrolls to
Dear Mr. Housworth:                 complete his course.


      Your request for an opinion regarding House Bill No.
829 of the 57th Legislature, amending Section 9 of Article 734a,
Vernon's Penal Code, is as follows:

> "If a student who was enrolled in one of the
> approved barber schools before amendments to Sec-
> tion 9 became effective, but who was interrupted
> either before or after August 28th, and subsequently
> re-enrolls in a barber school to complete his course,
> will he be required to go an additional month with
> the additional 200 hours; or will he come under the
> six month-1,000 hour requirement?"

      The answer to this problem requires a consideration
of House Bill 829 of the 57th Legislature, amending Section 9
of Article 734a, Vernon's Penal Code, which follows in part:

> "Section 9(a). Any firm, corporation, part-
> nership or person desiring to conduct or operate
> a barber school or college in this state shall
> first obtain a permit from the State Board of
> Barber Examiners after demonstrating that said
> school or college has first met the requirements
> of this Section. Said permit shall be prominently
> displayed at all times at such school or college.
> No such school or college shall be approved unless
> such school or college requires as a prerequisite
> to graduation a course of instruction of not less
> than twelve hundred (1200) hours, to be completed
> within a period of not less than seven (7) months
> for a 'Class A' certificate and not less than one

thousand (1000) hours, to be completed within a period of not less than six (6) months for a 'Class B' certificate; and no certificate or permit shall be issued as provided for herein to an applicant to be a student in such a school or college unless said applicant demonstrates his or her ability to read intelligently and write clearly the English language determined by an examination conducted by the school or college."

The gist of your inquiry deals directly with the effect on the student seeking a "Class A" permit under the statute. In Tex.Jur., Vol. 27, at page 870, we read:

"Construction. - In construing a license law, a Court will seek to ascertain and give effect to the legislative intent. Every part of the act will be considered, so as to make all parts harmonize, if practicable, and give a sensible effect to each."

Consequently, it is necessary to further examine Sections 7 and 8 of Article 734a, Vernon's Penal Code, relating to the qualifications of an applicant for a barber certificate, which read as follows:

"Section 7. Any person is qualified to receive a certificate of registration to practice barbering:

(a) Who is qualified under the provisions of Section 8 of this Act.
(b) Who is at least eighteen (18) years of age and who has practiced as an assistant barber under authority of a certificate issued by the Board of Barber Examiners, as such, for at least eighteen (18) months.
(c) Who is of good moral character and temperate habits; and
(d) Who has passed a satisfactory examination conducted by the Board to determine his fitness for practicing barbering. . . .

"Section 8. Any person is qualified to receive a certificate of registration as a registered assistant barber:

(a) Who is at least sixteen and one-half years of age; and

(b) Who is of good moral character and temperate habits; and

(c) Who has graduated from a school of barbering approved by the Board; and

(d) Who has passed a satisfactory examination conducted by the Board to determine his fitness to practice as a registered assistant barber."

Thus, as you can see from reading the above statutes together, a person to be registered as a barber must have graduated from a school of barbering approved by the Board, among other requirements. There are no cases or opinions of the Attorney General dealing with this specific question relative to barbers, but we find similar problems having arisen in other trade or profession licensing. For example, in Attorney General's Opinion No. 0-2975 (1940), the inquiry covered a statutory change in the medical school requirements. The opinion held that it was the date of graduation that was important. Further, in construing that statute, as to the licensing of one in the medical profession, which is similar in wording to the one here under consideration, the Attorney General in opinion No. 0-2930 (1940) stated:

"Under the express provision of the law (both before and after amendment) the Board cannot lawfully examine one who graduated from a medical school which was not a 'reputable medical school.' Obviously, the character of the school at the time the applicant attended and graduated therefrom controls."

Similar opinions as to similar problems may be found in regard to the Cosmetologists. (See Attorney General's Opinions Nos. 0-4057 (1941) and 0-1764 (1939).)

We think it is equally clear that a student seeking a "Class A" permit who re-enrolls subsequent to August 28, 1961, in a barber school should be bound under the twelve hundred (1200) hour seven (7) month requirement of amended Section 9 of Article 734a, since to be qualified to be registered he must have graduated from a school of barbering approved by the Board. Further, since it is necessary for a school to require twelve hundred (1200) hours and seven (7) months for graduation subsequent to that date to be approved by the Board, so must the student fulfill this requirement to be graduated from an approved school as required by the statute. This would apply to a "Class B" permit student also except, of course, the requirement under "Class B" is one thousand (1000) hours and six (6) months.

Of course, a school in which the student re-enrolls is required to give credit for all hours completed prior to his dropping out. (See Attorney General's Opinion No. O-2279 (1940).)

### SUMMARY

A student whose schooling was interrupted, and who re-enrolls in a barber school subsequent to August 28, 1961, is bound under the amended hours and time requirement of House Bill 829, codified as Section 9a, Article 734a, Vernon's Penal Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Eugene B. Smith
Assistant

EBS:chs


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
W. Ray Scruggs
Bob Shannon
Martin DeStefano
John Steinberger

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.